UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY BRANDON,

                     Petitioner,

      -against-

SUPERINTENDENT, AUBURN
CORRECTIONAL FACILITY,

                     Respondent.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

10 Civ. 9174 (VB) (GAY)

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

      Petitioner Anthony Brandon ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

### I. PROCEDURAL BACKGROUND

      On June 26, 2006, petitioner was charged by superceding indictment with the following crimes: seven counts of Use of a Child in a Sexual Performance (N.Y. Penal Law § 263.05); seven counts of Promoting a Sexual Performance by a Child (N.Y. Penal Law § 263.15); five counts of Endangering the Welfare of a Child (N.Y. Penal Law § 260.10(1)); three counts of first degree Course of Sexual Conduct Against a Child (N.Y. Penal Law § 130.75(1)(b)); and one count of second degree Criminal Sexual Act (N.Y. Penal Law § 130.45(1)). See Affidavit in Answer to a Petition for a Writ of Habeas Corpus, Exhibit 2.[1] Petitioner was arraigned on July 13, 2006 and entered a plea of not guilty to all counts.

---

[1] Hereinafter, all citations to "Exh. ___" refer to exhibits attached to Respondent's Affidavit in Answer to the instant Petition.

Copies mailed / ~~handed~~ / ~~faxed~~ to *Plaintiff* ~~counsel~~ 4/23/13

On or about August 29, 2006, petitioner (by and through counsel) filed an omnibus motion seeking, *inter alia*, suppression of his statements to law enforcement officers. See Exh. 6. The trial court scheduled pretrial hearings to begin October 12, 2006.

On October 12, 2006, before the hearings began, the trial court advised petitioner of his sentencing exposure if convicted after trial (forty years to life as a persistent violent felon) and the prosecution's offer of twenty years to life in return for his plea of guilty to one violent felony in full satisfaction of the indictment. See Exh. 9 at 2-4. The trial court further advised petitioner that the prosecution's "very good" offer was extended only "so the boys who are the purported or alleged victims here don't have to come into court to testify against" him. See id. at 4-5. Petitioner responded that he understood and asked to speak with his attorney. Id. at 5. After conferring with his client, defense counsel stated that petitioner was inquiring about the possibility of an eighteen year determinate sentence. Id. The court answered "the law doesn't permit that." Id. The prosecution then stated:

> I don't know how many times we are going to have that conversation, if we could give a determinate. The law does not allow us to. I will assure him if these boys come in here and he should be convinced – I am a hundred percent convinced that these boys, all of them, are going to testify. If they do, the minute they hit the door all bets are off and we will ask you to sentence him to every day the Court could give him because of him having them come in to testify. We have a statement at least from him having a relationship with one of the boys at the time, oral sexual conduct with that child, that would be the one he could plea to if he wants to. Once they come in, all bets are off. There is no question here in our mind they are coming in. I have met with all of them except the one in Georgia, who I will be meeting with next week, and they are all coming in. Any misplaced reliance on the hope that they are not coming, should end today.

Id. at 5-6. The Court then reiterated that it was willing to sentence petitioner to twenty years to life on a plea to one violent felony charge, and noted "that's about as good as the offer is going to get" given petitioner's history as a persistent violent felon (and, specifically, a second child sexual offender). See id. at 6-7. At defense counsel's request, petitioner and his attorneys were allowed to confer privately in a separate room. Id. When the proceeding resumed after a short recess, petitioner entered a plea of guilty to Count 21–First Degree Course of Sexual Conduct Against a Child. See id. at 8-24. He was sentenced on November 13, 2006 in accordance with his plea bargain and is presently incarcerated at the Auburn Correctional Facility in Auburn, New York.

Petitioner, by and through counsel, appealed the judgment of conviction to the Appellate Division, Second Department, claiming that his sentence was harsh and excessive and that his plea was both involuntary and the product of ineffective assistance of counsel. See Exh. 11. By Decision and Order dated March 11, 2008, the Second Department affirmed the judgment of conviction. See People v. Brandon, 49 A.D.3d 660, 852 N.Y.S.2d 796 (2d Dep't 2008). The New York Court of Appeals denied petitioner leave to appeal on June 18, 2008. See People v. Brandon, 10 N.Y.3d 932, 892 N.E.2d 405, 862 N.Y.S.2d 339 (2008).

By Petition dated November 17, 2010, petitioner seeks a Writ of Habeas Corpus on the same grounds raised to the Appellate Division.

## II. TIMELINESS

Respondent argues that the present habeas petition is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a

state court conviction.  See 28 U.S.C. § 2244(d)(1).  The one-year limitation period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id.  Here, petitioner's judgment became final on September 16, 2008, upon expiration of the 90-day period for seeking a writ of certiorari.  See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).  Thus, his habeas petition became time-barred under the AEDPA as of September 17, 2009 unless the limitation period was tolled by equitable considerations.

    Petitioner will be entitled to equitable tolling of the AEDPA limitation period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time," and (2) that he acted with "reasonable diligence throughout the period he seeks to toll."  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).  "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

    According to petitioner's notarized affirmation on the last page of his Petition, on

November 18, 2010 he delivered his Petition to prison authorities to be mailed. "A pro se prisoner's papers are considered filed when they are handed over to prison officials for forwarding to the court." Rhodes v. Senkowski, 82 F. Supp.2d 160, 165 (S.D.N.Y. 2000) (citing cases). "This 'prison mailbox' rule is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court." Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Thus, petitioner seeks equitable tolling of the AEDPA limitation period from September 17, 2009 to November 18, 2010.

Petitioner argues that he acted with reasonable diligence throughout the period he seeks to toll. Petitioner specifically avers: (1) that his attorney failed to notify him of the Court of Appeals' denial of leave to appeal; (2) by letter dated April 22, 2010, he contacted the Court of Appeals regarding the status of his leave application; (3) by letter dated May 7, 2010, the Court of Appeals informed him that leave to appeal had been denied on June 18, 2008; (4) petitioner sent a letter dated October 19, 2010 to the Dutchess County District Attorney's Office requesting notice of "an official Entry of Judgment;" and (5) the AEDPA's statute of limitations would begin to run upon service of said Notice of Entry of Judgment.

Upon review of all of the facts and circumstances of this case, I conclude that petitioner has failed to demonstrate that equitable tolling is warranted. Petitioner's argument for equitable tolling is grounded in his assertion that his counsel failed to notify him of the Court of Appeals' denial of his leave application. Contrary to petitioner's assertion, respondent procured from petitioner's appellate counsel (Salvatore Adamo) a copy of a letter he sent to petitioner dated July 5, 2008 which states "Enclosed please find the Court of Appeals decision in your case. I no longer represent you. Good luck."

See Exh. 15. Further, "in circumstances where there has been a lengthy and inexplicable delay in the timely filing of a federal habeas petition, an uncorroborated assertion by a petitioner that he did not receive the final state decision in the prison mail is not a sufficient basis to invoke the doctrine of equitable tolling. To allow such an assertion to qualify for the safe harbor that equitable tolling provides would be to completely undermine the AEDPA limitation period by allowing untimely petitions to obtain access to the federal courts based upon a conclusory, unsubstantiated excuse." See Simmons v. Brown, No. 08-CV-1425, 2011 WL 2133844, at *9 (E.D.N.Y. May 26, 2011) (internal citation omitted). In any event, petitioner offers no explanation as to why he waited approximately two years to inquire into the status of his leave application[2] and, thus, fails to demonstrate that he acted with reasonable diligence. See Warren v. Kelly, 207 F. Supp.2d 6, 11 (E.D.N.Y. 2002) (lack of reasonable diligence foreclosed equitable tolling where petitioner claimed he could not file timely habeas petition because he allegedly did not know about the disposition of his state court appeal, and appellate court denied leave to appeal more than one year before the habeas petition was drafted); Ferguson v. Mantello, 00 Civ. 2098, 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000) (equitable tolling inapplicable to the period of time during which petitioner was allegedly unaware of the Court of Appeals' denial of leave to appeal, where habeas petition filed eighteen months after leave was denied). As to petitioner's remaining contentions, the "entry of judgment" he allegedly pursued was entirely inapplicable and irrelevant, and his

---

[2] Petitioner's counsel sought leave to appeal to the Court of Appeals by letter dated April 3, 2008. Petitioner attaches a copy of said letter to the instant Petition and does not claim that he lacked timely notice of the leave application.

mistaken belief as to when the statute of limitations began to run is not a basis for equitable tolling. See Hickey v. Senkowski, No. 02 Civ. 1437, 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003) ("Even a *pro se* plaintiff's misapprehension of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition.").[3]

## III. CONCLUSION

Accordingly, for the foregoing reasons, I conclude and respectfully recommend that the instant petition should be dismissed as untimely.[4]

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra

---

[3] In any event, petitioner claims that he learned of the status of his leave application via the May 7, 2010 letter from the Court of Appeals, but he does not explain why he waited approximately five months to seek "an official Entry of Judgment" from the District Attorney's Office.

[4] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.

Dated:   April 23, 2013
         White Plains, New York

                                          Respectfully submitted,

                                          _____
                                          GEORGE A. YANTHIS, U.S.M.J.